**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**DETROIT DIVISION**

| | |
|---|---|
| Richard N. Bell, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| Buckfire & Buckfire P.C. | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**
**Summary of lawsuit**

1.      The Plaintiff, Richard N. Bell, took photograph of the Indianapolis Skyline in 2000 and the "Indianapolis photo" was registered with the U.S. Copyright office. In 2016, the Plaintiff discovered that the Defendant Buckfire & Buckfire P.C. ("Buckfire") had published the "Indianapolis photo" on a website owned by Defendant Buckfire, even though the Defendant had no rights or authority to publish same. The Plaintiff requests damages and injunctive relief against Defendant Buckfire for violations of the U.S. Copyright laws.

**JURISDICTION AND VENUE**

2.      This copyright infringement action arises under 17 U.S.C. § 101 et seq. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question),

and 28 U.S.C. § 1338 (acts of Congress related to copyright).

3.      This Court has personal jurisdiction over the Defendant by virtue of their transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District and because a substantial part of the property that is the subject of this action is situated here.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because the named plaintiff resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; and/or conduct business in this district.

## PARTIES

5.      The Plaintiff, Richard N. Bell is an attorney and a professional photographer and lives in McCordsville, Indiana.

6.      Defendant Buckfire & Buckfire P.C. ("Buckfire"), is located Michigan.  Buckfire created a website with the domain name of taxoterehairlosslawsuits.com and conducts business in this district.

2

## FACTS

7.      In March 2000, the Plaintiff, a United States citizen, took a photograph of Indianapolis skyline from overlooking the canal from St. Clair Avenue.

8.       The photograph is an original work that is copyrighted under United States law.  A copy of the photo is attached as Exhibit A, hereinafter referred to as "Indianapolis Photo"

9.      Since March 2000, the Plaintiff has either published or licensed for publication all copies of the Indianapolis Photo in compliance with the copyright laws and has remained the sole owner of the copyright.

10.     Indianapolis Photo was first published on the World Wide Web on August 29, 2000 by the user's account on Webshots. It was recently published on a website created by the Plaintiff under the domain name: www.richbellphotos.com

11.     The "Indianapolis Photo" was registered on August 4, 2011 with the United States Copyright Office and assigned Registration Number VA0001785115.

## COUNT I

## COPYRIGHT INFRINGEMENT
## AND UNFAIR COMPETITION

12.     Defendant Buckfire created a website with the domain name of

taxoterehairlosslawsuits.com to promote and advertise its solicitation of hair loss

litigation business.

13.     Upon information and belief, the Defendant Buckfire downloaded or took

the Indianapolis Photo from the internet without permission from the owner.

14.     In April 2016, the Plaintiff discovered through the computer program

"Google images" that the website of contained the Indianapolis Photo at

http://www.taxoterehairlosslawsuits.com/indiana-taxotere-hair-loss-lawyers/

15.     Defendant did not disclose the source of the stolen Indianapolis Photo or

otherwise conferred credit to the owner; instead, the Defendant willfully and

recklessly falsely claimed that it client owned the copyrights of all images and

photos contained on the website of correllrealty.com including Indianapolis Photo.

16.     During the year 2016, the website of Defendant Buckfire published the

Indianapolis Photo for its commercial use without paying for said use and without

obtaining the necessary authorization from the Plaintiff, the copyright owner.

4

17.     While the Defendant will know the exact date of first publication, based upon the Plaintiff's investigation, during the year 2016, Defendant began publishing the Indianapolis Photo and used the Indianapolis Photo for their commercial use without paying for said use and without obtaining the necessary authorization from the Plaintiff.

18.     The Defendant knew that they did not own Indianapolis Photo and knew the Defendant had not obtained the rights to publish the Indianapolis Photo, but recklessly and falsely represented to the world otherwise.

19.     Defendant Buckfire has not paid anyone for the right to publish the Indianapolis Photo, but instead fraudulently declared that the Defendant owned the copyrights to the Indianapolis Photo.

20.     Defendant refuses to pay for the unauthorized use of Indianapolis Photo.

21.     Defendant has not agreed be enjoined from using the Indianapolis Photo.

22.     Defendant has engaged in unfair trade practices and unfair competition in connection with its publication of the Indianapolis Photo, thus causing irreparable damage.

5

23.    Defendant Buckfire continues infringing conduct which has caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

24.    There is a risk of infringing conduct which has caused and will likely cause substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

25.    Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq., and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works.

26.    Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in their respective works as referenced above.

27.    Defendant Buckfire 's conduct violates the exclusive rights belonging to Plaintiff as owner of the copyrights, including without limitation Plaintiff's rights under 17 U.S.C. § 106.

6

28.     On information and belief, Plaintiff alleges that, as a direct and proximate result of their wrongful conduct, Defendant Buckfire has realized and continues to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seek an award of damages pursuant to 17 U.S.C. §§ 504 and 505.

29.     Defendant's infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

30.     Defendant has willfully and deliberately engaged in, and, is willfully engaging in, the acts complained of with oppression, fraud, and malice ("Acts") and in conscious disregard of the rights of Plaintiff. Plaintiff is, therefore, entitled to the maximum statutory damages allowable.

31.     Examples of these willfully and deliberately Acts, include but not limited to the following:

      a. Defendant Buckfire downloaded or took the Indianapolis Photo from the internet and included said photo on the Defendant's website.

      b. Defendant failed to designate the source of the stolen Indianapolis

7

Photo or otherwise confer credit to the owner.

c. Defendant recklessly, willfully and falsely asserted that the Defendant owned the copyrights of all content, images and photos contained in the Defendant's website including Indianapolis Photo.

d. Defendant knew that it did not own Indianapolis Photo and knew the Defendant had not obtained the rights to publish the Indianapolis Photo, but deliberately and falsely represented to the world otherwise.

e. Defendants has not paid anyone for the right to use Indianapolis Photo, but instead fraudulently declared that the Defendant owned the copyrights to the Indianapolis Photo.

32.     As a consequence of this dispute between the parties as to the rights, title, and interest in the copyrighted articles described above, and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiff also seek a resolution of this ongoing controversy by a declaration of this Court as to the rights of the respective parties in this matter.

THEREFORE, Plaintiff prays for judgment against Defendant Buckfire as follows:

a. Declaring that Defendant's unauthorized conduct violates Plaintiff's rights under common law and the Federal Copyright Act;

b. Immediately and permanently enjoining Defendant Buckfire, their members, officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing any of Plaintiff's copyrighted articles or copyrighted material without consent or otherwise infringing Plaintiff's copyrights or other rights in any manner;

c. Ordering Defendant Buckfire to account to Plaintiff for all gains, profits, and advantages derived by Defendants by their infringement of Plaintiff's copyrights or such damages as are proper, and since Defendant intentionally infringed plaintiff's copyrights, for the maximum allowable statutory damages for each violation;

d. Awarding Plaintiff actual and/or statutory damages for Defendant copyright infringement in an amount to be determined at trial;

e. Awarding Plaintiff their costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505; and

f. Awarding Plaintiff such other and further relief as is just and proper.

9

Respectfully Submitted:

Date:  May 12, 2016                    _/s Mark L. Kowalsky
                                                    Mark L. Kowalsky

Mark L. Kowalsky (P35573)
Jaffe Raitt Heuer & Weiss, P.C.
Attorneys for Richard N. Bell
27777 Franklin Road – Suite 2500
Southfield, MI  48034
P: 248.351.3000
D: 248.727.1468
F: 248.351.3082
mkowalsky@jaffelaw.com

Richard N. Bell, Atty No. 2669-49
Bell Law Firm
10042 Springstone Road
McCordsville, In 46055
(317) 589-8535
(317) 690-2053 Cell
richbell@comcast.net

10

Exhibit A

